IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGINALD JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-924-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I. BACKGROUND**

In February 1999, a Delaware Superior Court jury convicted Jackson of attempted first degree murder, first degree robbery, and two counts of possession of a firearm during the commission of a felony. *See Jackson v. Carroll*, 2005 WL 3199658 (D. Del. Nov. 30, 2005). The Superior Court sentenced him to an aggregate of thirty-seven years of incarceration. *Id.* The Delaware Supreme Court affirmed Jackson's convictions and sentences on direct appeal. *Jackson v. State*, 760 A.2d 163 (Table), 2000 WL 1508601 (Del. Sept. 13, 2000).

From October 2000 through March 2013, Jackson filed four motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"), all of which were denied. *See State v. Jackson*, 2001 WL 880154 (Del. Super. Ct. Jan. 23, 2001) (first Rule 61 motion); *State v. Jackson*, 2002 WL 31268279 (Del. Super. Ct. Oct. 9, 2002) (third Rule 61 motion); *Jackson v. State*, 825 A.2d 238 (Table), 2003 WL 21241350 (Del. May 27, 2003); *State v. Jackson*, 2013 WL 2706813 (Del. Super. Ct. Apr. 16, 2013) (fourth Rule 61 motion); *Jackson v. State*, 72 A.3d 501 (Table), 2013 WL 3788244 (Del. July 16, 2013).

In 2004, Jackson filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Jackson v. Carroll*, Civ. A. No. 04-323-GMS. On November 30, 2005, the court denied that petition because the sole claim raised therein alleged an error of state law that failed to assert a claim cognizable on federal habeas review. *See Jackson*, 2005 WL 3199658, at *1-2.

Recently, Jackson filed a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"), asserting two grounds for relief: (1) defense counsel provided ineffective assistance during sentencing; and (2) defense counsel provided ineffective assistance during plea negotiations. (D.I. 3)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.  DISCUSSION

The instant petition is Jackson's second request for habeas relief with respect to his 1999 convictions and sentences. The court denied Jackson's first federal habeas petition because his

2

sole claim alleging that the Delaware state courts committed a procedural error during his third Rule 61 proceeding did not present an issue cognizable on federal habeas review. In turn, Jackson could have, but did not, assert the instant two ineffective assistance of counsel claims in his earlier petition. For these reasons, the court concludes that the petition constitutes a second or successive habeas petition within the meaning of § 2244.

To the extent the court should interpret Jackson's citation to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) as an attempt to avoid the second or successive bar pursuant to § 2244(b)(2)(A)'s "new rule of constitutional law" exception, the attempt is unavailing. Simply stated, whether or not *Martinez* triggers the § 2244(b)(2)(A) exception is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court.

The record reveals that Jackson did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Jackson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. PENDING MOTIONS

Jackson filed two motions during the pendency of this proceeding: a motion for leave to

proceed *in forma pauperis*, and a motion to appoint counsel. Based on the representations in his trust fund account statement, the court will grant Jackson's motion for leave to proceed *in forma pauperis*. (D.I. 1) However, having already concluded that the instant petition must be dismissed as second or successive, the court will deny Jackson's motion for the appointment of counsel as moot. (D.I. 6)

## V. CONCLUSION

For the aforementioned reasons, the court will deny Jackson's § 2254 petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

Feb 11, 2015
DATE

UNITED STATES DISTRICT JUDGE

4